

1  SOLOUKI | SAVOY, LLP
   Grant Joseph Savoy, Esq.(SBN: 284077)
2  Lindsay Veronika Salk, Esq. (SBN: 289408)
   Shoham J. Solouki, Esq.(SBN: 278538)
3  316 W. 2nd Street, Suite 1200
   Los Angeles, California 90012
4  Telephone: (213)814-4940
   Facsimile: (213)814-2550
5
6  Attorneys for Plaintiffs ONOFRE SORATORIO,
   and CLASS MEMBERS

7

8          **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
         **FOR THE COUNTY OF LOS ANGELES – CENTRAL DISTRICT**

9  ONOFRE SORATORIO, an individual, On          Case No.:
10 Behalf of Himself and All Other Similarly     Dept.:
   Situated Non-Exempt Former and Current
11 Employees;

12         Plaintiff,                            **CLASS ACTION COMPLAINT FOR:**

13                                               1. **FAILURE TO PAY OVERTIME**
                                                    **WAGES[Cal. Lab. Code§510];**
14     vs.                                       2. **FAILURE TO PROVIDE MEAL**
                                                    **BREAKS[Cal. Lab. Code§226.7];**
15                                               3. **FAILURE TO PROVIDE REST**
16                                                  **BREAKS[Cal. Lab. Code§226.7];**
   TESORO REFINING & MARKETING              4. **WAITING TIME PENALTIES [Cal.**
17 COMPANY, LLC a Delaware Corporation; BP       **Labor Code§§ 201-203];**
   PIPELINES NORTH AMERICA, INC., a         5. **FAILURE TO PAY ALL HOURS**
18 Maine Corporation; and DOES 1 through 10,     **WORKED [Cal. Labor Code§ 204];**
   inclusive,                               6. **FAILURE TO PROVIDE ACCURATE**
19                                                  **WAGE STATEMENTS [Cal. Labor**
20         Defendants.                              **Code§ 226];**
                                                 7. **VIOLATION OF CAL. BUS. & PROF.**
21                                                  **CODE § 17200, et seq.;**

22

23

24

25

26         COMES NOW PLAINTIFF ONOFRE SORATORIO, an individual over the age of 18

27 bringing this challenge to Defendants' lucrative, repressive and unlawful business practices

28

                                        1

   Case No.:                                          CLASS ACTION COMPLAINT

1  on behalf of themselves, the general public, and a class of all others similarly situated. For

2  causes of action against Defendants TESORO REFINING & MARKETING COMPANY,

3  LLC a Delaware Corporation (hereinafter referred to as "TESORO"), BP PIPELINES

4  NORTH AMERICA, INC., a Maine Corporation (hereinafter referred to as "BP") and DOES

5  1 through 10, inclusive (hereinafter collectively referred to as "DEFENDANTS").

6  PLAINTIFF alleges as follows:

7                           **JURISDICTION AND VENUE**

8       1.     At least some of the acts complained of occurred in Los Angeles County, as

9  Defendants employed the named Plaintiff and numerous other members of the Plaintiff Class

10  in the County of Los Angeles. Jurisdiction and venue are proper in this Court because some or

11  all of the claims alleged herein arose in Los Angeles County and some or all of the

12  Defendants were and/or are residents of Los Angeles County, and/or are doing or did business

13  in Los Angeles County, and/or their principal place of business is in Los Angeles County, at

14  all times relevant herein.

15      2.     The amount in controversy in this matter exceeds the sum of $25,000.00,

16  exclusive of interest and costs.

17                                    **PARTIES**

18      3.     Plaintiff ONOFRE SORATORIO (hereinafter referred to as "Plaintiff" or

19  "Soratorio"), an individual, alleges knowledge as to her own, and information and belief as to

20  all other matters, as follows: Plaintiff was, at all times mentioned herein, a resident of the

21  County of Los Angeles, in the State of California. Plaintiff Soratorio was employed by

22  Defendants TESORO and BP at all times relevant to this Complaint.

23      4.     Defendant TESORO REFINING & MARKETING COMPANY, LLC

24  (hereinafter referred to as "DEFENDANT" or "Tesoro") is and was, at all times mentioned

25  herein, incorporated in the State of Delaware and is authorized and doing business in the

26  County of Los Angeles, State of California at various locations. At all material times alleged

27  herein, DEFENDANT was subject to the laws and regulations of the State of California,

28  including but not limited to the California Labor Code ("Cal. Labor Code" or "Labor Code").

Case No.:                                                    CLASS ACTION COMPLAINT

5.      Defendant BP PIPELINES NORTH AMERICA, INC. (hereinafter referred to as "DEFENDANT" or "BP") is and was, at all times mentioned herein, a Maine Corporation and is authorized and doing business in the County of Los Angeles, State of California at various locations. At all material times alleged herein, DEFENDANT was subject to the laws and regulations of the State of California, including but not limited to the California Labor Code ("Cal. Labor Code" or "Labor Code").

6.      Plaintiff is ignorant of the true names of Defendants DOES 1 through 10, inclusive, and has therefore sued them by the above names which are fictitious. Plaintiff will amend this complaint by inserting true names in lieu of the fictitious names, together with apt and proper charging words, when the true names are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated in this Complaint as DOES are responsible and liable to Plaintiff and Plaintiff Class in some manner for the events, happenings, and contentions referred to in this complaint. All references in this complaint to "Defendants" shall be deemed to include Defendants TESORO, BP, and all DOE Defendants collectively.

7.      Plaintiff is informed and believes, and thereon allege, that each Defendant, including DOES, was and is the agent, employee, servant, subsidiary, partner, member, associate, or representative of each other Defendant, including DOES, and all of the things alleged to have been done by the Defendants, and each of them, were done in the course and scope of the agency, employment, service, or representative relationship and with the knowledge and consent of their respective principals, employers, masters, parent corporations, partners, members, associates, or representatives.

8.      The unlawful practices and tortious conduct complained of herein occurred in the County of Los Angeles, State of California.

///
///
///

3

## FACTS COMMON TO ALL CAUSES OF ACITON

9.      While Plaintiff and Class Members were employed as non-exempt Yardmen, Lineup Workers, Carmen, and other similarly situated employees of Defendants ("Plaintiff Class" or "All Non-Exempt Workers"), PLAINTIFF and the PLAINTIFF CLASS routinely worked periods of four (4) hours or more, twice per work day, without receiving two (2) full, uninterrupted, ten (10) minute rest break per every four (4) hours worked, in violation of the California Industrial Commission's Order 1-2001.

10.     DEFENDANTS did not provide PLAINTIFF and the PLAINTIFF CLASS, all non-exempt warehouse workers, a thirty (30) minute meal period for every five hours worked and never sought a written waiver from the employees prior to depriving them of the meal breaks due under the law, in violation of the California Industrial Welfare Commission's Order 1-2001. Further, DEFENDANTS did not provide its ALL NON-EXEMPT WORKERS a ten (10) minute break for every four hours worked, also in violation of the California Wage Orders.

11.     DEFENDANTS provide third-party logistical and oil refining services, which include but are not limited to: oil refining services, distribution services, as well as logistic services for inventory management, pickup and shipping/transportation services, as it relates to oil, to hundreds of companies/locations throughout California and the United States. DEFENDANTS are subject to California Industrial Welfare Commission Wage Order 1-2001, which is applicable to Manufacturing Industry, 8 Cal. Code Reg. §11010.

12.     PLAINTIFF is informed and believes, and thereupon alleges, that during the last four (4) years, not fewer than 300 individual non-exempt workers and laborers (hereinafter referred to as "ALL NON-EXEMPT WORKERS" or "PLAINTIFF CLASS" or "CLASS MEMBERS") were employed by DEFENDANTS as ALL NON-EXEMPT WORKERS including, but not limited to, all non-exempt workers at Tesoro's Long Beach location.

13.     ALL NON-EXEMPT WORKERS of Defendants were hired to work exclusively for eight (8) hours or more, receiving oil shipments, working oil transportation

4

Case No.:                                                              CLASS ACTION COMPLAINT

1   lines, and doing "line-ups," among many other things, while not being compensated for all

2   overtime hours worked and not being permitted to take their full uninterrupted meal and rest

3   breaks.

4        14.    If an order or shipment were to come into DEFENDANTS' Long Beach port

5   location, then ALL NON-EXEMPT WORKERS were required to work through rest and meal

6   breaks, and were not permitted to leave the workplace, even when their shifts had finished,

7   until the full amount of work related to the order or shipment was completed.

8        15.    PLAINTIFFS are informed and believe, and thereupon allege, that throughout

9   the period covered by this action, the DEFENDANTS designed and implemented a scheme

10   that required the ALL NON-EXEMPT WORKERS to work long hours to complete heavy

11   workloads, whereby the ALL NON-EXEMPT WORKERS were discouraged from and denied

12   breaks when the Defendants' Long Beach port/dock was extremely busy and had large orders

13   and/or was completing orders for major clients.

14        16.    PLAINTIFF is informed and believes, and thereupon alleges, that throughout

15   the period covered by this action, he and ALL NON-EXEMPT WORKERS often worked

16   before and after their scheduled shifts in order to complete large work orders or shipments.

17   Moreover, PLAINTIFF alleges that the hours he and ALL NON-EXEMPT WORKERS were

18   required to work after their scheduled shifts ended, in order to finish large work orders for

19   major clients, and were not accurately accounted for or compensated.

20        17.    PLAINTIFF is further informed and believes, and thereupon alleges, that the

21   time he and ALL NON-EXEMPT WORKERS worked before and after their scheduled shifts,

22   in order to finish large work orders for major clients, was not accurately reported on their

23   wage statements.  This caused PLAINTIFF and ALL NON-EXEMPT WORKERS to be

24   unable to properly account for the true and accurate compensation owed for work performed

25   for DEFENDANTS.

26        18.    PLAINTIFF brings this action on behalf of himself, and on behalf of other

27   current and former ALL NON-EXEMPT WORKERS employed by DEFENDANTS and,

28   pursuant to Business and Professions Code § 17000 et seq., on behalf of other members of the

5

1    general public.

2    ## CLASS ACTION ALLEGATIONS

3    **REST PERIODS**

4        19.    While employed as ALL NON-EXEMPT WORKERS, PLAINTIFF and the

5    PLAINTIFF CLASS routinely worked periods of four (4) hours or more, twice per workday,

6    without receiving a rest break. The California Industrial Welfare Commission Order 1-2001

7    provides, in pertinent part, that:

8            "Every employer shall authorize and permit employees to take rest

9            periods, which insofar as practicable shall be in the middle of each

10           work period. The authorized rest period time shall be based on the

11           total hours worked daily at the rate of ten (10) minutes net rest time

12           per four (4) hours or major fraction thereof.

13       20.    DEFENDANTS' practice of requiring employees to work for four (4) hours and

14   more without a rest period is in violation of the Industrial Welfare Commission's wage order,

15   the California Labor Code and relevant laws, rules, orders, requirements and regulations of

16   the State of California and the United States of America.

17       21.    DEFENDANTS required and permitted its employees to work without the rest

18   periods provided by California Labor Law for more than four (4) years. PLAINTIFF and

19   PLAINTIFF CLASS are entitled to back wages to compensate them retroactively for all break

20   periods of which they were deprived during the class period, plus all applicable penalties, in

21   addition to one hour's compensation as prescribed by Wage Order 1-2001.

22   **MEAL PERIODS**

23       22.    California Wage Order 1-2001, at Paragraph 11, provides as follows:

24           "(A) No employer shall employ any person for a work period of more

25           than five (5) hours without a meal period of not less than 30 minutes,

26           except that when a work period of not more than six (6) hours will

27           complete the day's work the meal period may be waived by mutual

28           consent of the employer and employees.

6

23.     DEFENDANTS did not provide its ALL NON-EXEMPT WORKERS, including PLAINTIFF and PLAINTIFF CLASS, a thirty (30) minute meal period for every five (5) hours worked and never sought a written waiver from the employees prior to depriving them of the meal breaks due under the law. DEFENDANTS suffered and permitted its employees to work without the meal periods prescribed by California Labor Law for more than four (4) years. PLAINTIFF and PLAINTIFF CLASS are entitled to back wages to compensate them retroactively for all meal periods of which they were deprived during the class period, plus all applicable penalties, in addition to one hour's compensation.

**FAILURE TO PAY WAGES OWED**

24.     While employed as ALL NON-EXEMPT WORKERS, PLAINTIFFS and the PLAINTIFF CLASS routinely worked periods of time before and after their scheduled workdays.

25.     California Labor Code §204 provides that all wages, other than those mentioned in 201, 201.3, 202, 204.1, and 204.2, earned by any person in any employment are due and payable twice during each calendar month, on days designated in advance by the employer as the regular paydays.

26.     Furthermore, Industrial Welfare Commission Order 1-2001 provides, in pertinent part, that:

"Every employer shall pay to each employee, on the established payday for the period involved, not less than the applicable minimum wage for all hours worked in the payroll period…

27.     While employed as ALL NON-EXEMPT WORKERS, PLAINTIFFS and the PLANTIFF CLASS were caused to not receive their full pay for all work compensated, due to the acts and omissions of DEFENDANTS.   These acts and omissions in turn caused PLAINTIFFS and PLAINTIFF CLASS to not receive an amount equal to minimum wage for all hours worked, in accordance with Industrial Welfare Commission Order 1-2001.

28.     PLAINTIFF and PLAINTIFF CLASS are entitled to back pay for all of their unpaid wages.

7

**FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**

29.     While employed as ALL NON-EXEMPT WORKERS, PLAINTIFF and the PLAINTIFF CLASS routinely worked periods of time before and after their scheduled workdays, which were not accurately accounted for on their wage statements.

30.     Under California Labor Code §226 and Industrial Wage Order 1-2001, DEFENDANTS were obligated to keep an accurate record of the hours of labor worked by PLAINTIFF and PLANTIFF CLASS and to prepare and submit to PLAINTIFF and PLAINTIFF CLASS with each payment of wages an itemized statement accurately showing the total hours worked by PLAINTIFF and PLAINTIFF CLASS.

31.     DEFENDANTS, and each of them, failed to keep precise records of PLAINTIFF and PLAINTIFF CLASS' hours worked, and further failed to provide accurate itemized wage statements with each payment of wages to PLAINTIFF and PLAINTIFF CLASS as required by law.  Instead, DEFENDANTS issued false, incorrect, fraudulent, and/or no wage statements to certain employees, which includes without limitation, PLAINTIFF and PLAINTIFF CLASS.

32.     Pursuant to Labor Code §226, PLAINTIFF and PLAINTIFF CLASS are entitled to a penalty of $50.00 for the first violation and $100.00 per pay period tor each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00.

**SUITABILITY OF CLASS**

33.     The First, Second, Third, Fourth, Fifth, Sixth, and Seventh Causes of Action in this Complaint are being brought, and may properly be maintained, as a class action pursuant to the provisions of California Code of Civil Procedure § 382 and other applicable law, because there is a well-defined community of interest in the litigation and the proposed class is ascertainable.

34.     The proposed class that PLAINTIFFS seek to represent for the class action causes of action (referred to as "PLAINTIFF CLASS" or "CLASS MEMBERS" or "ALL NON-EXEMPT WORKERS") is composed of:

8

Case No.::

CLASS ACTION COMPLAINT

1      35.    Current and former TESORO and BP ALL NON-EXEMPT WAREHOUSE

2  WORKERS who were employed at TESORO and BP's Long Beach facility at any time

3  beginning four (4) years preceding the filing of the Complaint in this action through final

4  judgment in this action.

5      36.    There is a well-defined community of interest in the litigation and the class is

6  ascertainable:

7        a.  NUMEROSITY: The PLAINTIFF CLASS is so numerous that the individual

8              joinder of all members is impractical under the circumstances of this case.

9              While the exact number persons in PLAINTIFF CLASS is unknown to

10            PLAINTIEFS at this time, PLAINTIFFS are informed and believe, and thereon

11            allege, that over 300 current and former ALL NON-EXEMPT WORKERS have

12            been employed by DEFENDANTS at TESORO and BP's Long Beach facility

13            during the period commencing four (4) years prior to the filing of the

14            Complaint in this action, to date.

15        b.  COMMON QUESTIONS PREDOMINATE: Common questions of law and fact

16            exist as to all members of the PLAINTIFF CLASS and predominate over any

17            questions that affect only individual members of the class. The predominant

18            common questions of law and fact include:

19            i.  Whether DEFENDANTS provided PLAINTIFF and/or PLAINTIFF

20                CLASS with proper Rest and Meal Periods;

21            ii.  Whether DEFENDANTS provided PLAINTIFF and/or PLAINTIFF

22                CLASS with accurate earnings statements and documentation of their

23                hours worked.

24            iii.  Whether DEFENDANTS provided PLAINTIFF and PLAINTIFF

25                CLASS with all wages earned when due.

26        c.  TYPICALITY: PLAINTIFF's claims are typical of the claims of the

27            PLAINTIFF CLASS.  PLAINTIFF and PLAINTIFF CLASS sustained damages

28            arising out of DEFENDANTS' common practice of failing to provide meal and

9

Case No.:                                   **CLASS ACTION COMPLAINT**

1    rest breaks, proper wage statements, and proper compensation.

2    d.   ADEQUACY: PLAINTIFF will fairly and adequately protect the interests of

3    the members of the class. PLAINTIFF's attorneys have experience in

4    employment and class action matters and may adequately represent the class in

5    this matter. PLAINTIFF have no interest that is adverse to the interests of those

6    in the PLAINTIFF CLASS.

7    e.   SUPERIORITY: A class action is superior to other available means for the fair

8    and efficient adjudication of this controversy.  Because individual joinder of all

9    members of the class is impractical, class action treatment will permit a large

10   number of similarly situated persons to prosecute their common claims in a

11   single forum simultaneously, efficiently and without the unnecessary

12   duplication of effort and expense that numerous individual actions would

13   engender.  The relatively minor amount of individual damages in question

14   coupled with the expenses and burdens of individual litigation would make it

15   difficult or impossible for individual members of the class to redress the wrongs

16   done to them, while important public interests will be served by addressing the

17   matter as a class action. The cost to, and burden on, the court system of

18   adjudication of individualized litigation would be substantial and substantially

19   more than the costs and burdens of a class action. Individualized litigation

20   would also present the potential for inconsistent or contradictory judgments.

21

22

23

24

25

26   ///

27   ///

28   ///

Case No.:                                          CLASS ACTION COMPLAINT

1

### FIRST CAUSE OF ACTION

2

FAILURE TO PAY OVERTIME WAGES [Cal. Labor Code §510(a)]

3

(Against All Defendants)

4      37.    Plaintiff realleges and incorporates by reference each and every allegation

5 contained in each and every aforementioned paragraph, as though fully set forth herein.

6      38.    Under California Labor Code§ 510(a):

7            "Eight hours of labor constitutes a day's work. Any work in excess of

8            eight hours in one workday and any work in excess of 40 hours in any

9            one workweek and the first eight hours worked on the seventh day of

10           work in any one workweek shall be compensated at the rate of no less

11           than one and one-half times the regular rate of pay for an employee."

12     39.    During Plaintiff's and Plaintiff Class' employment with Defendants on several

13 occasions, Defendants required that Plaintiff and Plaintiff Class work, and Plaintiff and

14 Plaintiff Class actually worked, in excess of eight (8) hours in one (1) workday and in excess

15 of forty (40) hours in one (1) workweek. On such occasions, Defendants failed to pay Plaintiff

16 and Plaintiff Class at least one and one-half times their regular rate of pay for overtime hours

17 worked.

18     40.    Defendants, to this date, have not paid Plaintiff and Plaintiff Class for the

19 overtime hours they worked.

20     41.    As a proximate result of Defendants' failure to pay Plaintiff and Plaintiff Class

21 overtime, pursuant to the provisions of California Labor Code § 510(a), Plaintiff and Plaintiff

22 Class have suffered losses in earnings, and other employment benefits, including but not

23 limited to retirement benefits, along with other incidental and consequential damages and

24 losses, all in an amount to be proven at trial.

25     42.    Pursuant to California Labor Code § 218.5, Plaintiff and Plaintiff Class requests

26 that the court award reasonable attorney's fees and costs incurred in this action.

27     43.    Plaintiff and Plaintiff Class also seeks damages pursuant to California Labor

28 Code § 2699(f) and California Labor Code § 558.

11

Case No.:                                              CLASS ACTION COMPLAINT

## SECOND CAUSE OF ACTION

FAILURE TO ALLOW MEAL BREAKS [Cal. Labor Code §226.7]

(Against All Defendants)

44.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

45.    California Labor Code § 226.7 requires an employer to pay an additional hour of compensation for each required meal period the employer fails to provide. Employees are entitled to a meal period of at least thirty (30) minutes per five (5) hour work period.

46.    Plaintiff consistently worked over five (5) hour shifts.  Pursuant to the Labor Code and Wage Order 1-2001, Plaintiff and Plaintiff Class were entitled to an uninterrupted meal period of not less than thirty (30) minutes prior to exceeding five (5) hours of employment.

47.    Defendants failed to provide Plaintiff and Plaintiff Class with either timely uninterrupted meal breaks of not less than thirty (30) minutes, or to provide Plaintiff and Plaintiff Class with an additional hour of compensation for each meal period missed as required during the time that Plaintiff and Plaintiff Class were employed with Defendants.

48.    Pursuant to California Labor Code § 226.7, Plaintiff and Plaintiff Class are entitled to damages of one (1) hour of wages per missed meal break, in a sum to be proven at trial.

49.    Plaintiff and Plaintiff Class also seeks damages pursuant to California Labor Code § 2699(f) and California Labor Code § 558.

## THIRD CAUSE OF ACTION

FAILURE TO ALLOW REST BREAKS [Cal. Labor Code §226.7]

(Against All Defendants)

50.    Plaintiff re-alleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

51.    California Labor Code § 226.7 requires an employer to pay an additional hour of compensation for each workday where an employee fails to receive a rest period for each

12

1    consecutive four (4) hour shift worked. Employees are entitled to an uninterrupted net rest

2    period of at least ten (10) minutes per each consecutive four (4) hour work period or major

3    fraction thereof, after the first three and one-half (3½) hours worked in a workday.

4        52.    Plaintiff and Plaintiff Class consistently worked four (4) hour shifts.  Pursuant

5    to the California Labor Code and Wage Order 1-2001, Plaintiff and Plaintiff Class are entitled

6    to an uninterrupted rest period of not less than ten (10) minutes for each consecutive four (4)

7    hour shift worked or major fraction thereof.

8        53.    Defendants failed to provide Plaintiff and Plaintiff Class with either timely

9    uninterrupted rest breaks of not less than ten (10) minutes, or to provide Plaintiff and Plaintiff

10   Class with an additional hour of compensation for each rest period missed as required during

11   the time that Plaintiff and Plaintiff Class were employed with Defendants.

12       54.    Pursuant to California Labor Code § 226.7, Plaintiff and Plaintiff Class are

13   entitled to damages of one (1) hour of wages per missed rest break, in a sum to be proven at

14   trial.

15       55.    Plaintiff and Plaintiff Class also seeks damages pursuant to California Labor

16   Code § 2699(f) and California Labor Code § 558.

17       **FOURTH CAUSE OF ACTION**

18   WAITING TIME PENALTIES [Cal. Labor Code §203]

19   (Against All Defendants)

20       56.    Plaintiff re-alleges and incorporates by reference each and every allegation

21   contained in each and every aforementioned paragraph as though fully set forth herein.

22       57.    Defendants' failure to pay wages, as alleged above, was willful in that

23   Defendants, and each of them, knew wages to be due but failed to pay them, thus entitling

24   Plaintiff and Plaintiff Class to penalties under California Labor Code §203, which provides

25   that an employee's wages shall continue as penalty until paid in full, for a period of up to

26   thirty (30) days from the time they were due.

27       58.    Plaintiff believes, and based thereon alleges, that Defendants have failed to pay

28   Plaintiff and Plaintiff Class in a sum certain at the time of termination and have failed to pay

13

Case No.:                          CLASS ACTION COMPLAINT

1  these sums for thirty (30) days thereafter. Pursuant to the provisions of California Labor

2  Code §203, Plaintiff and Plaintiff Class members that have been terminated at any time four

3  years prior to the filing of this complaint are entitled to penalties in the amount of Plaintiff's

4  and Plaintiff Class' daily wages, multiplied by thirty (30) days.

5  ## FIFTH CAUSE OF ACTION

6  FAILURE TO PAY FOR ALL HOURS WORKED WHEN DUE [Cal. Labor Code §226.7]

7  (Against All Defendants)

8  59.   Plaintiff re-alleges and incorporates by reference each and every allegation

9  contained in each and every aforementioned paragraph as though fully set forth herein.

10  60.   Section 204 of the California Labor Code states that all wages, other than those

11  mentioned in 201, 201.3, 202, 204.1, or 204.2, earned by any person in any employment are

12  due and payable twice during each calendar month, on days designated in advance by the

13  employer as the regular paydays.

14  61.   As described hereinabove, Defendants failed to pay Plaintiff and Plaintiff Class

15  all wages owed for all hours worked, per pay period, in a timely manner.

16  62.   Defendants therefore owe damages to Plaintiff and Plaintiff Class in the amount

17  of any remaining unpaid wages, in addition to penalties pursuant to California Labor Code

18  §210, in the amount of $100.00 for each failure to pay Plaintiff and Plaintiff Class.

19  ## SIXTH CAUSE OF ACTION

20  FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS [Cal. Labor Code §226]

21  (Against All Defendants)

22  63.   Plaintiff re-alleges and incorporates by reference each and every allegation

23  contained in each and every aforementioned paragraph as though fully set forth herein.

24  64.   Defendants, and each of them, were obligated under Labor Code § 226 and

25  Industrial Wage Order 1-2001, to keep an accurate record of the hours of labor worked by

26  Plaintiff and Plaintiff Class and to prepare and submit to Plaintiff and Plaintiff Class, with

27  each payment of wages, an itemized statement accurately showing the total hours worked by

28  Plaintiff and Plaintiff Class.

14

Case No.:                                    CLASS ACTION COMPLAINT

65.     Pursuant to Labor Code § 226, Plaintiff and Plaintiff Class are entitled to a penalty of $50.00 for the first violation and $100.00 per pay period for each subsequent violation of this section, according to proof, up to a maximum amount of $4,000.00.

66.     In this instance, Defendants, and each of the, either prepared and submitted to Plaintiff and Plaintiff Class inaccurate wage statements, or did not provide accurate and timely wage statements to Plaintiff and Plaintiff Class during the relevant statutory period and during the entire term of Plaintiff's and Plaintiff Class' employment with Defendants.

## SEVENTH CAUSE OF ACTION

### UNFAIR BUSINESS PRACTICES [Business & Professions Code §17200]

#### (Against All Defendants)

67.     Plaintiff realleges and incorporates by reference each and every allegation contained in each and every aforementioned paragraph as though fully set forth herein.

68.     California Business and Professions Code § 17200, et seq. prohibits unlawful and unfair business practices. Plaintiff and Plaintiff Class are "persons" within the meaning of California Business & Professions Code (hereinafter "B&P Code") § 17204; Therefore, Plaintiff has standing to bring this cause of action for injunctive relief, restitution, and other appropriate equitable relief.

69.     Wage and hour laws express fundamental public policies.  California Labor Code § 90.5(a) and § 98.6 articulate the public policies of this State to enforce vigorously minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, to ensure employees are not retaliated against for complaining of violations under the Labor Code; and to protect law-abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

70.     Defendants have violated statutes and public policies, as alleged throughout this Complaint. Through the conduct alleged in this Complaint, Defendants have acted contrary to these public policies, have violated specific provisions of the California Labor Code, and have engaged in other unlawful and unfair business practices in violation of B&P Code § 17200, et

15

Case No.:                                          CLASS ACTION COMPLAINT

1   seq., depriving Plaintiff and the Plaintiff Class of the rights, benefits, and privileges

2   guaranteed to all employees under the law.

3       71.     Moreover, by not properly compensating Plaintiff and Plaintiff Class, and

4   improperly gaining extra labor by failing to provide rest and mean periods to Plaintiff and

5   Plaintiff Class, Defendants have gained an unfair business advantage over other California

6   companies that follow the letter of the law and do not make such ill-gotten gains, in further

7   violation of B&P Code § 17200.

8       72.     Defendants, by violating wage and hour laws as described above under the

9   California Labor Code, either knew or in the exercise of reasonable care should have known

10  that their conduct was unlawful.  Therefore, Defendants' conduct, as alleged herein,

11  constitutes unfair competition and unfair business practices in violation of B&P Code §

12  17200, et seq.

13      73.     As a proximate result of the above-mentioned acts of Defendants, Plaintiff and

14  Plaintiff Class have been damaged in a sum to be proven at trial.

15      74.     Unless restrained by this Court, Defendants will continue to engage in the

16  unlawful conduct as alleged herein. Pursuant to the B&P Code, this Court should make such

17  orders or judgments, including the appointment of a receiver, as may be necessary to prevent

18  the use or employment, by Defendants, their agents or employees, of any unlawful or

19  deceptive practice prohibited by the B&P Code and/or, including but not limited to,

20  disgorgement of profits which may be necessary to restore Plaintiff and Plaintiff Class with

21  the money Defendants have unlawfully failed to pay.

22      75.     WHEREFORE, Plaintiff request relief as hereinafter provided.

23

24

25

26  ///

27  ///

28  ///

16

Case No.:                                                          CLASS ACTION COMPLAINT

Doc# 1 Page# 16 - Doc ID = 1672009334 - Doc Type = OTHER

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and Plaintiff Class pray for judgment against Defendants, and each of them, as follows:

1. For compensatory, consequential and incidental damages (including past and future lost wages, bonuses, expenses and other losses) in an amount to be proven at trial;

2. For general damages, including money damages for mental pain, anguish, and emotional distress, in an amount to be proven at trial;

3. For special damages, according to proof;

4. For prejudgment interest;

5. For attorneys' fees pursuant to Labor Code §§ 218.5, 1194, and 2699, Code of Civil Procedure § 1021.5, and all other provisions of law authorizing an award of attorney's fees;

6. For civil penalties pursuant to California Labor Code §§ 210, 226.3, 558, 1197.1, and 2699;

7. For waiting time penalties pursuant to California Labor Code§ 203;

8. For punitive damages in an amount to be proven at trial (Civil Code §3294);

9. For the costs of suit herein incurred;

10. For interest on the amount of compensation due, according to proof; and

11. For such other and further relief as this Court may deem proper.

DATED: November 29, 2015

Respectfully Submitted,

SOLOUKI | SAVOY, LLP

Grant Joseph Savoy, Esq.
Attorneys for Plaintiff
ONOFRE SORATORIO and
CLASS MEMBERS

17

Case No.:                                                    CLASS ACTION COMPLAINT

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury on all issues so triable in the Complaint.

DATED: November 29, 2015

Respectfully Submitted,

SOLOUKI | SAVOY, LLP

Grant Joseph Savoy, Esq.
Attorneys for Plaintiff
ONOFRE SORATORIO and
CLASS MEMBERS

18

Case No.:

CLASS ACTION COMPLAINT

Doc# 1 Page# 18 - Doc ID = 1672009334 - Doc Type = OTHER

EXHIBIT A

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Grant Joseph Savoy, Esq. (SBN 284077)
SOLOUKI | SAVOY, LLP
316 W. 2nd Street, Suite 1200
Los Angeles, CA 90012
TELEPHONE NO.: (213)814-4940          FAX NO.: (213)814-2550
ATTORNEY FOR (Name): Plaintiff - ONOFRE SORATORIO

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, CA 90012
BRANCH NAME: Stanley Mosk, Central District

**FILED**
Superior Court of California
County of Los Angeles

NOV 29 2016

Sherri R. Carter, Executive Officer/Clerk
By _____ , Deputy
Judi Lara

CASE NAME:
Onofre Soratorio v. Tesoro Refining & Marketing Company, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: |
|---|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | BC 6 4 2 2 9 5 |
| | | | JUDGE: |
| | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [✓] is    [ ] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a.[✓] monetary  b.[✓] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action (specify): Seven (7)
5. This case [✓] is    [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: November 29, 2016

Grant Joseph Savoy, Esq.
_____          ▶ _____
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
• Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
• File this cover sheet in addition to any cover sheet required by local court rule.
• If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
• Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

Doc# 1 Page# 19 - Doc ID = 1672009334 - Doc Type = OTHER

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
   Damage/Wrongful Death
Uninsured Motorist (46) *(if the
   case involves an uninsured
   motorist claim subject to
   arbitration, check this item
   instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
   Asbestos Property Damage
   Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
   toxic/environmental)* (24)
Medical Malpractice (45)
   Medical Malpractice–
      Physicians & Surgeons
   Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
   Premises Liability (e.g., slip
      and fall)
   Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
   Intentional Infliction of
      Emotional Distress
   Negligent Infliction of
      Emotional Distress
   Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
   Practice (07)
Civil Rights (e.g., discrimination,
   false arrest) *(not civil
   harassment)* (08)
Defamation (e.g., slander, libel)
   (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
   Legal Malpractice
   Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
   Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
   Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
   Negligent Breach of Contract/
      Warranty
   Other Breach of Contract/Warranty
Collections (e.g., money owed, open
   book accounts) (09)
   Collection Case–Seller Plaintiff
   Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
   complex)* (18)
   Auto Subrogation
   Other Coverage
Other Contract (37)
   Contractual Fraud
   Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
   Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
   Writ of Possession of Real Property
   Mortgage Foreclosure
   Quiet Title
   Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
   drugs, check this item; otherwise,
   report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
   Writ–Administrative Mandamus
   Writ–Mandamus on Limited Court
      Case Matter
   Writ–Other Limited Court Case
      Review
Other Judicial Review (39)
   Review of Health Officer Order
   Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
   *(arising from provisionally complex
   case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
   Abstract of Judgment (Out of
      County)
   Confession of Judgment *(non-
      domestic relations)*
   Sister State Judgment
   Administrative Agency Award
      *(not unpaid taxes)*
   Petition/Certification of Entry of
      Judgment on Unpaid Taxes
   Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
   above)* (42)
   Declaratory Relief Only
   Injunctive Relief Only *(non-
      harassment)*
   Mechanics Lien
   Other Commercial Complaint
      Case *(non-tort/non-complex)*
   Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
   Governance (21)
Other Petition *(not specified
   above)* (43)
   Civil Harassment
   Workplace Violence
   Elder/Dependent Adult
      Abuse
   Election Contest
   Petition for Name Change
   Petition for Relief From Late
      Claim
   Other Civil Petition

EXHIBIT A

| SHORT TITLE: Onofre Soratorio v. Tesoro Refining & Marketing Company, et. al | CASE NUMBER BC 6 4 2 2 9 5 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Court Filing Location (Column C) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 1, 11 |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

EXHIBIT A

EXHIBIT A

| SHORT TITLE: Onofre Soratorio v. Tesoro Refining & Marketing Company, et. al | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
| | | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
| | | ☐ A6032  Quiet Title | 2, 6 |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

LACIV 109 (Rev 2/16)       **CIVIL CASE COVER SHEET ADDENDUM**      Local Rule 2.3
LASC Approved 03-04      **AND STATEMENT OF LOCATION**      Page 2 of 4

| SHORT TITLE: Onofre-Soratorio v. Tesoro Refining & Marketing Company, et. al | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| **Judicial Review** | | |
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | | |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | | |
| Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | | |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | | |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

LACIV 109 (Rev 2/16)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

EXHIBIT A

Doc# 1 Page# 23 - Doc ID = 1672009334 - Doc Type = OTHER

| SHORT TITLE: Onofre Soratorio v. Tesoro Refining & Marketing Company, et. al | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: ☑ 1. ☐ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | ADDRESS: 1300 Pier B Street |
|---|---|
| CITY: Long Beach | STATE: CA | ZIP CODE: 90813 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the __Central__ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: November 29, 2016

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

11/29/2016

LACIV 109 (Rev 2/16)    **CIVIL CASE COVER SHEET ADDENDUM**    Local Rule 2.3
LASC Approved 03-04    **AND STATEMENT OF LOCATION**    Page 4 of 4

EXHIBIT A    Doc# 1 Page# 24 - Doc ID = 1672009334 - Doc Type = OTHER