UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No. CV 17-1554-MWF (RAOx)**          **Date:  April 26, 2017**
Title:      Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT JUDGE

Rita Sanchez                                      None Present
Courtroom Deputy                                  Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:      ATTORNEYS PRESENT FOR DEFENDANTS:

None Present                                      None Present

PROCEEDINGS (IN CHAMBERS):  ORDER RE DEFENDANTS' MOTION TO
                            DISMISS CASE [11]; PLAINTIFF'S MOTION
                            TO REMAND CASE [14]

      Before the Court are two motions.  First, Defendants filed a Motion to Dismiss
on March 3, 2017.  ("Motion to Dismiss," Docket No. 11).  Plaintiff filed an
Opposition and Defendants filed a Reply.  (Docket Nos. 15, 16).

      In addition, on March 17, 2017, Plaintiff filed a Motion to Remand the case to
the California Superior Court in which it was originally filed.  ("Motion to Remand,"
Docket No. 14).  Defendants filed an Opposition and Plaintiff filed a Reply.  (Docket
Nos. 18, 19).  With the Court's permission Defendants filed a Sur-Reply.  (Docket No.
25).

      The Court held a hearing on April 24, 2017.  For the reasons stated below, the
Court **DENIES** the Motion to Remand and **GRANTS** the Motion to Dismiss *with
leave to amend*.  The Court concludes Defendants' Notice of Removal was timely filed
and the amount in controversy adequately pleaded therein.  The Complaint does not
state a claim for relief and must be dismissed.

I.    **BACKGROUND**

      In November 2016, Plaintiff filed a putative class action against Defendants
Tesoro Refining & Marketing Company ("Tesoro") and BP Pipelines North America

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:     Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

("BP") in California Superior Court asserting claims for failure to pay overtime; failure to provide meal breaks; failure to provide rest breaks; failure to pay all final wages; failure to timely pay regular wages; failure to provide accurate wage statements; and violation of California's Unfair Competition Law.  (Complaint, Docket No. 1-1).  The class is defined in the complaint as

> Current and former Tesoro and BP all non-exempt warehouse workers who were employed at Tesoro and BP's Long Beach facility at any time beginning four years preceding the filing of the Complaint in this action through final judgment in this action.

(*Id.* ¶ 35).

## II.    **MOTION FOR REMAND**

The Court first addresses the jurisdictional questions present in Plaintiff's Motion to Remand.  Defendant has asserted jurisdiction under both the Class Action Fairness Act ("CAFA") and the Court's federal question jurisdiction.

### A.    **CAFA Jurisdiction**

#### 1.  **Legal Standard**

Under CAFA, the Court has "original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which" there is minimal diversity.  28 U.S.C. § 1332(d)(2).

Removal must be accomplished within thirty days after "the receipt by a defendant, through service or otherwise, of a copy of the initial pleading setting froth the claim for relief upon which such action or proceed is based . . . ."  28 U.S.C. § 1446(b)(1).  To remove a case to federal court under CAFA, a defendant must

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.   CV 17-1554-MWF (RAOx)              Date:  April 26, 2017
Title:       Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

demonstrate that the amount in controversy exceeds $5 million.  *Id*. § 1332(d)(2).
When determining the amount in controversy, courts first look to the complaint.
*Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (addressing what
proof a defendant seeking removal must produce to prove the amount in controversy
requirement under CAFA when the complaint does not include a facially apparent
amount in controversy, and vacating district court's remand order to allow for
additional briefing).  If the complaint is silent as to the amount in controversy, then the
defendant bears the burden of showing by a preponderance of the evidence that the
amount in controversy meets the jurisdictional threshold.  *Id.*

The Supreme Court held, however, that when a defendant removes an action
pursuant to CAFA, the "defendant's notice of removal need include only a *plausible*
allegation that the amount in controversy exceeds the jurisdictional threshold" of $5
million.  *Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014)
(emphasis added).  Pursuant to 28 U.S.C. § 1446(a), the notice of removal need only
"contain[] a short and plain statement of the grounds for removal," which is a standard
that "tracks the general pleading requirement stated in Rule 8(a) of the Federal Rules
of Civil Procedure."  *Id.* at 553.

Where, as here, a plaintiff has challenged the amount in controversy asserted by
a defendant, "both sides submit proof and the court decides, by a preponderance of the
evidence, whether the amount-in-controversy requirement has been satisfied."  *Id.*
"Under this system, CAFA's requirements are to be tested by consideration of real
evidence and the reality of what is at stake in the litigation, using reasonable
assumptions underlying the defendant's theory of damages exposure."  *Ibarra*, 775
F.3d at 1198.

There is no presumption against removal jurisdiction in CAFA cases.  *Dart
Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554.

## 2.  Timeliness

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:      Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

Plaintiff first argues that Defendants failed to timely remove the action because more than thirty days passed between service upon Defendant Tesoro and Tesoro's filing of the Notice of Removal.  Plaintiff asserts that Tesoro was served on January 12, 2017.  The Notice of Removal was filed on February 24, 2017.  (Docket No. 1).  Thus, Plaintiff argues, the case was not timely removed and remand is required.  The Remand Motion fails to mention, however, that the parties signed a stipulation in state court agreeing that service on Tesoro was not completed until January 25, 2017.  (Ex. A to Defendants' Opposition to Remand Motion).  The parties had contested whether service had been properly made upon Tesoro's headquarters in Texas or if service on Tesoro's registered agent for service of process in California was necessary.  To settle this dispute the parties agreed to the stipulation, which states that the parties agree "for all purposes" that service "was completed by Plaintiff . . . after Plaintiff's mailing [of the summons and complaint] to Tesoro's San Antonio, Texas corporate office on January 25, 2017 . . . ."  (*Id.* at 4).

Plaintiff argues in his Reply that parties may not stipulate to extend the thirty-day window for removal due to its jurisdictional nature.  While this may be true, Tesoro never sought to extend the removal period through stipulation.  Rather, Tesoro and Plaintiff settled a reasonable dispute concerning service and stipulated that service was completed on January 25 and not earlier.  Tesoro relied on that stipulation in filing its Notice of Removal on February 24.  Plaintiff presents no argument as to why the stipulation should be binding in this litigation, or why Tesoro acted unreasonably in relying on that agreement.

The Court concludes that the Notice of Removal was timely filed.

### 3.  CAFA Exceptions

Plaintiff's Remand Motion argues that two exceptions to CAFA's grant of federal jurisdiction apply here: the local controversy and home-state controversy exceptions.  In the context of this case, both of these exceptions rely on Tesoro being a citizen of California for diversity purposes.  In support of that argument Plaintiff urges the Court to apply the "substantial predominance" test, citing *Tosco Corp. v.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:      Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

*Communities for a Better Env't*, 236 F.3d 495, 497 (9th Cir. 2001).  That decision,
however, was abrogated over seven years ago by *Hertz Corp. v. Friend*, 559 U.S. 77
(2010), which specifically rejected the substantial predominance test.  Perhaps seeing
the error of his ways, Plaintiff did not reassert either of the CAFA exceptions in his
Reply.

The Court rejects Plaintiff's argument concerning the CAFA exceptions.

### 4.  Amount in Controversy

Plaintiff's final challenge to Defendants' invocation of CAFA jurisdiction
concerns the amount in controversy requirement.  Plaintiff argues that Defendant has
failed to show by a preponderance of the evidence that the amount in controversy
exceeds $5 million in this case.  Specifically, Plaintiff objects to Defendants'
assumption that each of the putative class members worked, on average during the four
year period, an addition twelve minutes of unpaid overtime.  In addition, Plaintiff
challenges Defendants' assumption of a 50% violation rate.  Using these assumptions
Defendants arrived at a figure of $5,542,459.31 for the amount in controversy.

Defendants may use reasonable assumptions in calculating the amount in
controversy for purposes of removal.  *See, e.g.*, *Oda v. Gucci Am., Inc.*, 2015 WL
93335, at *5 (C.D. Cal. Jan. 7, 2015) ("[A] defendant may calculate the amount in
controversy based on reasonable assumptions.").  Here Defendants have provided a
declaration in support of their calculations: the Declaration of Karen Kawano (Docket
No. 1-7) provides a summary of the underlying data derived from Tesoro's business
records.  This type of evidence is sufficient to satisfy the standard described above.
*See Vasquez v. Blue Cross of Cal.*, 2015 WL 2084592, at *5 (C.D. Cal. May 5, 2015)
("Plaintiffs suggest that without providing account premium data or other specific
values, Defendant cannot meet its burden.  This is not, however, the burden established
by the *Ibarra* court.  Defendant has provided sufficient evidence to support its claim
that the amount in controversy is met.").  The Court agrees with Defendants that their
50% violation rate assumption is reasonable here.  As they note, Plaintiff's Complaint
could be reasonably read to allege a 100% violation rate.  The Complaint notes that

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)         Date:  April 26, 2017
Title:      Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

Defendants "did not provide" Plaintiff and the other class members "a thirty minute meal period for every five hours worked," and that this was Defendants' "common practice."  (Complaint ¶¶ 13, 23, 36.c, 46–47).  It also alleges that Defendants had a practice of "requiring employees to work for four hours and more without a rest period" and that Defendants had a "common practice" of failing to provide required breaks.  (*Id.* ¶¶ 20–21, 52–53).  As Defendants note, numerous other courts have found similar allegations supportive of a 100% violation rate assumption.  *See, e.g.*, *Mejia v. DHL Express (USA), Inc.*, 2015 WL 2452755, at *4 (C.D. Cal. May 21, 2015) ("Plaintiff's FAC does not contain any allegations that suggest a 100% violation rate is an impermissible assumption.").  The Court acknowledges that Plaintiff's allegations of a "common practice" are not the same as allegations of a "uniform practice," which might better support a 100% violation rate assumption.  But Defendants have adequately taken this into account by assuming only a 50% violation rate.

Plaintiff also takes issue with Defendants' assumption of 12 minutes per day, or about one hour a week, of unpaid overtime for each putative class member.  Here the Complaint alleges that class members "often worked before and after their scheduled shifts."  (Complaint ¶¶ 13, 15–17).  The Kowano Declaration confirms, based on Defendants' own data, that the average hours worked by putative class members in the three- and four-year periods preceding the filing of the Complaint exceeded eight hours.  Thus, any unpaid time would be payable at the overtime premium rate, which Defendants state applies to hours worked in excess of eight per day.  This Court previously approved of such an estimate:

Defendant estimates that these allegations place in controversy at least one hour of overtime pay per week per class member. This estimate is reasonable and conservative given the allegations in the Complaint, which allege a uniform and pervasive policy of failure to pay overtime. *See Herrera v. Carmax Auto Superstores California, LLC*, 2014 WL 12586254, at *6 (C.D. Cal. June 12, 2014) ("The Complaint alleges that much of the overtime that Plaintiffs were required to work occured off the clock; accordingly, Defendant cannot be expected to produce evidence of how often overtime violations may occur.  Defendant must be entitled to monetize

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:       Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

this claim with a reasonable and conservative estimate.").  Likewise here Defendants can reasonably estimate the one hour per week of unpaid overtime wages.

Finally, Defendants defend their use of $36.78 as the average hourly wage for the putative class members during the class period.  Plaintiff's Motion to Remand argues that Defendants failed to take into account "employees who are not" putative class members.  But Defendants were correct to base their calculations on the pay of only putative class members.  The $36.78 figure is based on Defendants' calculation of the average pay of putative class members for the four year period ending on the filing of the Complaint.  (Kawano Decl. ¶ 21d).  Ms. Kawano based this figure on her review of an extensive amount of data held by Defendants.  The Court concludes that the evidence put forth by Defendants adequately explains the average rate.

Thus, the Court rejects each of Plaintiff's challenges to the calculations in the Notice of Removal.  The Court notes that Plaintiff has failed to put forth any counter-arguments in his Reply in response to Defendants' lengthy explanation of their calculations.  The Reply, in fact, deals only with the timeliness issue discussed above.  Nor has Plaintiff put forth any alternative calculations of his own that might better approximate the average wage during the relevant period.

The Notice of Removal undertook a lengthy and detailed calculation of the amount in controversy.  The Court agrees with each of the assumptions and rejects Plaintiff's challenges to the calculations. Plaintiff does not dispute any other element of jurisdiction under CAFA.  The Notice of Removal notes that the size of the class exceeds 300 members.  Plaintiff is a citizen of California, while Defendant BP is a citizen of Maine and Illinois.  Thus Plaintiff and at least one Defendant are citizens of different states, meeting the minimal diversity requirement.

Accordingly, the Court concludes that Defendants properly removed this action under CAFA and the Court has jurisdiction over the case.  The Court need not address Defendants' other asserted basis for jurisdiction under the Labor Management Relations Act.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:      Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

The Motion to Remand is **DENIED**.

## III.   **MOTION TO DISMISS**

Having concluded that the Court possesses jurisdiction over the action under CAFA, the Court will now rule on Defendants' Motion to Dismiss.

As an initial matter, Defendants ask the Court to take judicial notice of the Kawano Declaration attached to the Notice of Removal for purposes of the Motion to Dismiss.  Under Rule 12(d) of the Federal Rules of Civil Procedure, if the Court considers matters outside the pleadings in ruling on a motion to dismiss that motion must be converted into one for summary judgment.  Fed. R. Civ. P. 12(d).  As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).  The only exceptions to this rule are for (1) material which is submitted with or necessarily relied on in the complaint and (2) matters of public record.  *Id.* at 688–89.  The Kawano Declaration does not fall under either exception.  The Court will not consider the Kawano Declaration in ruling on the Motion to Dismiss.  A motion for summary judgment would be proper only after allowing both parties to conduct discovery and submit declarations and affidavits.  *See Hitek Software, LLC v. Sunrise Broad. of N.Y., Inc.*, 2013 WL 12137879, at *3 (C.D. Cal. Feb. 21, 2013) ("Because the Court cannot consider the DeSilva declarations on a motion to dismiss and a motion for summary judgment is improper at this time, the Court DENIES Hitek's request to convert this motion to dismiss into one for summary judgment."); *see also Alexander v. Chase Bank NA*, 2016 WL 1658286, at *2 (W.D. Wash. Apr. 26, 2016) ("The  declaration and exhibits are not proper to consider on a motion to dismiss, and the Court therefore has not relied upon them in making its ruling.").

At the hearing, BP's counsel argued that, even without the Declaration, the Court should dismiss the claims because Plaintiff's briefing seems to concede that BP sold its assets to Tesoro in 2013.  Therefore, BP argues, the claims against it must necessarily be outside the applicable statute of limitations, which in BP's view is three years.  Plaintiff responded at the hearing that the statute of limitations for its UCL

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:      Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

claims is four years, and thus those claims might survive.  The Court concludes that the issue of the timeliness of the claims against BP is better dealt with at a later stage in the ligitation, possibly on a motion for summary judgment.  BP is free to raise the issue of timeliness again at a later stage.

As stated, Plaintiff's Complaint alleges seven claims for relief against Defendants related to various wage and hour claims.  (Docket No. 1-1).

## A.      **Legal Standard**

"Dismissal under Rule 12(b)(6) is proper when the complaint either (1) lacks a cognizable legal theory or (2) fails to allege sufficient facts to support a cognizable legal theory."  *Somers v. Apple, Inc.*, 729 F.3d 953, 959 (9th Cir. 2013)

In ruling on the Motion under Rule 12(b)(6), the Court follows *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  The Court must disregard allegations that are legal conclusions, even when disguised as facts.  *See id*. at 681 ("It is the conclusory nature of respondent's allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *Eclectic Properties E., LLC v. Marcus & Millichap Co*., 751 F.3d 990, 996 (9th Cir. 2014).  "Although 'a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof is improbable,' plaintiffs must include sufficient 'factual enhancement' to cross 'the line between possibility and plausibility.'"  *Eclectic Properties*, 751 F.3d at 995 (quoting *Twombly*, 550 U.S. at 556–57) (internal citations omitted).

The Court must then determine whether, based on the allegations that remain and all reasonable inferences that may be drawn therefrom, the Complaint alleges a plausible claim for relief.  *See Iqbal*, 556 U.S. at 679; *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 (9th Cir. 2011).  "Determining whether a complaint states a plausible claim for relief is 'a context-specific task that requires the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:       Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

reviewing court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016) (as amended) (quoting *Iqbal*, 556 U.S. at 679).  Where the facts as pleaded in the Complaint indicate that there are two alternative explanations, only one of which would result in liability, "plaintiffs cannot offer allegations that are merely consistent with their favored explanation but are also consistent with the alternative explanation. Something more is needed, such as facts tending to exclude the possibility that the alternative explanation is true, in order to render plaintiffs' allegations plausible." *Eclectic Properties*, 751 F.3d at 996–97; *see also Somers*, 729 F.3d at 960.

## B.      Analysis

### 1.  Failure to Pay Overtime Wages

Plaintiff's First Claim for Relief is for failure to pay overtime wages in violation of California Labor Code section 510.  In the context of the Federal Labor Standards Act, the Ninth Circuit has held that in order to state a claim for failure to pay overtimes wages a plaintiff must specify a particular work week in which they were not paid properly.  *See Landers v. Quality Commc'ns, Inc*., 771 F.3d 638, 646 (9th Cir. 2014) ("[Plaintiffs] should be able to allege facts demonstrating there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages."); *Boon v. Canon Bus. Sols., Inc.*, 592 F. App'x 631, 632 (9th Cir. 2015) ("*Landers* also held that plaintiffs in these types of cases must allege facts demonstrating that there was at least one workweek in which they worked in excess of forty hours and were not paid overtime wages.").  This holding has been applied to cases brought under the California Labor Code as well.  *See Tan v. GrubHub, Inc*., 171 F. Supp. 3d 998, 1006 (N.D. Cal. 2016) ("Although *Landers* discussed FLSA claims, its reasoning applies to California Labor Code claims as well.  Plaintiffs give the Court no reason to depart from the well-reasoned logic of these other courts in extending *Landers* to various Labor Code claims.") (citation omitted).

Defendants point out that Plaintiff's Complaint fails to specify facts showing at least one work week in which overtime wages were not properly paid.  In his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:       Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

Opposition Plaintiff merely pastes the allegations from the Complaint without explaining why they are sufficient under the *Landers* standard.  The Court agrees with Defendants that the overtime wages allegations are insufficiently pleaded and must be dismissed.

The Motion to Dismiss additionally argues that as to the claims against Defendant BP the dismissal should be without leave to amend because Plaintiff's claims are time-barred.  To support this argument BP cites the Kawano Declaration.  But as discussed earlier that declaration is not properly subject to judicial notice and cannot be considered here without converting the motion into one for summary judgement.  Because this affirmative defense cannot be ruled on without considering facts not properly subject to judicial notice, the Court declines to do so at this time.  *See Dinh v. Citibank, N.A.*, 2013 WL 12137715, at *2 (C.D. Cal. Oct. 15, 2013) ("A motion to dismiss under Rule 12(b)(6) cannot be granted based upon an affirmative defense unless that 'defense raises no disputed issues of fact.'  *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).  For example, a motion to dismiss may be granted based on an affirmative defense where the allegations in a complaint are contradicted by matters properly subject to judicial notice.").

Accordingly, the Court **GRANTS** the Motion to Dismiss with respect to Plaintiff's First Claim for Relief.  The Motion is granted ***with leave to amend***.

### 2.  Meal Break Violations

Plaintiff's Second Claim for Relief is for meal break violations under California Labor Code sections 226.7 and 512(a).  Defendants argue that Plaintiff's allegations here are conclusory and fail to include any facts showing Defendants prevented Plaintiff from taking the required meal breaks.  Having read the allegations the Court agrees.  The Complaint states merely that workers were required to work through meal breaks; that Defendants did not provide the required meal breaks; and that Defendants "suffered and permitted" Plaintiff and other employees to work through their meal breaks.  (Complaint ¶¶ 10, 14, 23).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No. CV 17-1554-MWF (RAOx)          Date:  April 26, 2017
Title:      Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

Defendants cite a slew of cases dismissing similar allegations under the *Landers* standard discussed above.  For example, in *Sanchez v. Ritz Carlton*, the court dismissed allegations of failure to pay overtime and failure to provide required meal breaks. 2015 WL 5009659, at *2–3 (C.D. Cal. Aug. 17, 2015).  The court dismissed the claims because "nothing beyond conclusory allegations ties the alleged labor-code violations to Plaintiffs.  For example, there are no allegations about either Plaintiff's schedules to substantiate that they worked double/overtime shifts that would trigger overtime pay if a meal were missed." *Id.*  The court found the allegations concerning meal breaks similarly lacking.  The Court agrees that "without factual allegations about Plaintiffs' specific experiences, the claims against Defendants are merely 'conceivable,' not 'plausible.'" *Id.*  In *Freeman v. Zillow, Inc.*, the court concluded that dismissal of a meal breaks claim was warranted because "nowhere does Plaintiff allege at least one meal or rest break where he worked through the break and was not paid for that time." 2015 WL 5179511, at *5 (C.D. Cal. Mar. 19, 2015).  The court also noted that "nowhere does Plaintiff allege a given instance where Defendant failed to provide him a meal or rest break in compliance with state law." *Id.*  As in this case, "although Plaintiff's allegations raise the possibility of violations, Plaintiff has failed to provide sufficient detail to support a reasonable inference that Defendant violated." *Id.*

In his Opposition Plaintiff again merely pastes his allegations and asserts they are sufficient.  The Court disagrees.  Accordingly the Motion a to the Second Claim for Relief is **GRANTED** *with leave to amend*.

### 3.  Rest Break Violations

Plaintiff's Third Claim for Relief is for rest break violations under California Labor Code section 226.7.  For the same reasons as the claims discussed above, this claim must be dismissed.  The allegations fail to specify a specific rest break missed. Rather the allegations state merely that Defendants failed to provide required breaks. Such conclusory allegations are not sufficient to state a claim as discussed previously.

Accordingly, the Motion as to the Third Claim for Relief is **GRANTED** *with leave to amend*.

Case No. CV 17-1554-MWF (RAOx)                Date:  April 26, 2017

Title:      Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

### 4.  Waiting Time Penalties

Plaintiff's Fourth Claim for Relief is for failure to pay all wages due at termination and/or waiting time penalties under California Labor Code sections 201 to 203.  Section 203 of the Labor Code provides that "[i]f an employer willfully fails to pay . . . any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid . . . for [no] more than 30 days."  Cal. Labor Code § 203.  Plaintiff's allegations merely parrot this language, stating that Defendants "failure to pay wages . . . was willful," and that "Defendants have failed to pay Plaintiff and Plaintiff Class in a sum certain at the time of termination and have failed to pay these sums for thirty (30) days thereafter."  (Complaint ¶¶ 57–58).

Courts have dismissed similarly vague claims.  For example in *Lopez v. Aerotek, Inc.*, the plaintiff alleged only that "Defendants willfully failed to pay their workers accrued wages due promptly upon separation, as required by Code sections 201 and 202."  2015 WL 4504691, at *2 (C.D. Cal. July 23, 2015).  The court dismissed the claim after noting that "Plaintiff does not even generally allege what wages were earned and paid at the time of termination, nor does she allege how and in what manner any final wage payment was untimely under the Labor Code." *Id.*  The same problem plagues Plaintiff's allegations here.  Without alleging facts that support his claim, he cannot adequately plead a violation of section 203. *See Guerrero v. Halliburton Energy Servs.*, 2016 U.S. Dist. LEXIS 152141, at *22 (E.D. Cal. Nov. 2, 2016) ("The Court agrees with Defendant that these allegations fail to satisfy the pleading requirements of Rule 8.  Importantly, Plaintiff has not alleged when his employment with Defendant ended, nor has he alleged exactly what wages were earned and unpaid.").

Accordingly, the Motion as to the Fourth Claim for Relief is **GRANTED** *with leave to amend*.

### 5.  Failure to Pay All Hours Worked

**Case No. CV 17-1554-MWF (RAOx)**                **Date:  April 26, 2017**
Title:       Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

Plaintiff's Fifth Claim for Relief is for failure to pay all hours worked in violation of California Labor Code section 204.  As Defendants note, however, section 204 is concerned only with the timing of wage payments, not the nonpayment of wages.  *See Singer v. Becton, Dickinson & Co.*, 2008 WL 2899825, at \*3 (S.D. Cal. July 25, 2008) ("Despite section 204 's use of the word 'wages,' section 204 does not provide for the payment of any wages nor create any substantive right to wages.  The only right furthered by the section is the timely payment of wages."); *see also Hadjavi v. CVS Pharmacy, Inc.*, 2010 WL 7695383, at \*2 (C.D. Cal. Sept. 22, 2010) (dismissing a claim for nonpayment of wages because "California Labor Code Section 204(a) deals solely with the timing of wages and not whether these wages were paid, and Plaintiffs fail to allege that Defendants failed to maintain two regular pay days each month, within the dates required in California Labor Code Section 204(a)").  Because Plaintiff's allegations concern only the nonpayment of wages, and not whether payments occurred, as required, between certain days of the month, the claim must be dismissed.

Accordingly, the Motion as to the Fifth Claim for Relief is **GRANTED** *with leave to amend*.

### 6.  Failure to Provide Accurate Wage Statements

Plaintiff's Sixth Claim for Relief is for failure to provide accurate wage statements in violation of California Labor Code section 226.  That provision required employers to provide an "accurate itemized statement" of the employee's wages.  Cal. Labor Code § 226(a).  An employee may bring a Claim for Relief for any "knowing and intentional failure" by an employer to comply with the requirement.  *Id.* § 226(e)(1).  The Court agrees with Defendants that Plaintiff has failed to plead any facts showing that any supposed violations of this section by Defendants were knowing or intentional.  The Complaint fails to allege a single factual exemplar of any inaccurate wage statement.  These allegations are too conclusory to put Defendants on notice of any wrongdoing, and fail to state a claim as a matter of law.

**Case No. CV 17-1554-MWF (RAOx)**       **Date:  April 26, 2017**
Title:       Onofre Soratorio v. Tesoro Refining and Marketing Company, LLC, et al.

Accordingly, the Motion as to the Sixth Claim for Relief is **GRANTED** *with leave to amend*.

### 7.  Violation of California Business and Professions Code section 17200

Plaintiff's Seventh Claim for Relief is for violation of California's Unfair Competition Law ("UCL").  Cal. Bus. & Prof. Code § 17200.  "To state a claim for an 'unlawful' business practice under the UCL, a plaintiff must assert the violation of any other law." *Rubio v. Capital One Bank*, 572 F. Supp. 2d 1157, 1168 (C.D. Cal. 2008).  Because the Court concludes that each of Plaintiff's other claims for relief fail as a matter of law, his UCL claim must fail as well.

Accordingly, the Motion as to the Seventh Claim for Relief is **GRANTED** *with leave to amend*.

## IV.  CONCLUSION

The Court concludes that the case was properly removed and this Court has jurisdiction.  The Motion to Remand is **DENIED**.

Having reviewed the Complaint, the Court concludes that the allegations fail to sufficiently plead any Claim for Relief.  The Motion to Dismiss is **GRANTED** in its entirety *with leave to amend*.

Plaintiff is warned that no further leave to amend will be granted.  The next amended Complaint shall be filed on or before **May 8, 2017**.